Case 5:15-cv-01295-AKK Document 1-1 Filed 07/31/15 Page 1 of 10

EXHIBIT A

FILED
2015 Jul-31 PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | Case Number<br>CV15-65-AM |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____MADISON_____ COUNTY

Plaintiff _____JOE M. BERRY_____ v. Defendant MONUMENTAL LIFE, UNIVITA & TRANSAMERICA LIFE

NOTICE TO ~~DC03~~ TRANSAMERICA LIFE INSURANCE COMPANY
P.O. BOX 93019, HURST, TX 76053-3019

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY __JOE M. BERRY (PLAINTIFF)__ WHOSE ADDRESS IS _____500 A SMITH ROAD, HUNTSVILLE, AL 35811_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _____Plaintiff_____ pursuant to the Alabama Rules of Civil Procedure.

Date __JUN 30 2015__        _____ By: _____
                               Clerk/Register

[✓] Certified Mail is hereby requested.        s/ Joe M. Berry, pro se
                                               Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____ .
                                                                    (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____ .
              (Date)

_____          _____
Date                              Server's Signature

_____          _____
Type of Process Server            Address of Server

                                 _____
                                 Phone Number of Server

State of Alabama
Madison County, 23rd Judicial Circuit
Circuit Court

CV 15-65 -AM

```
FILED IN OFFICE
JUN 30 2015
JANE SMITH
Clerk, Circuit Court Madison Co., AL
```

Joe M. Berry (hereafter sometimes called "B")
    Plaintiff

VS

Monumental Life Insurance Company (hereafter called "M"), P O Box 93019, Hurst, TX 76053-3019; Univita, (hereafter "U"), whose identity is otherwise unknown, P O Box 64044, St. Paul, MN, 55164, Transamerica Life Insurance Company, (hereafter "T"), P O Box 93019, Hurst, TX, 76053-3019: A, B, and C, the unknown individuals, and X, Y, and Z, the unknown entities who participated in the activities of M that give rise to B's claims; such unknown parties to added as defendants when known,    Defendants

## COUNT ONE

1. On or about August 1, 2001. M contracted to pay B cash benefits for needed Long Term Health Care and to provide a list of approved Health Care Coordinators who would assist B in the event B made a claim. M further agreed that if B chose a Coordinator from the approved list, M would pay for the Coordinator's service in assisting B in processing his claim. Moreover, M

contracted that if B used the service of a coordinator named in the M's approved list that: **"Home Health Care otherwise required to be provided by or through a Home Health Care Agency may be provided instead by a provider approved by the Care Coordination Agency you choose."**

2. The policy of insurance contemplates, and logic dictates, a Plan of Care, being in place before B hires a "Provider" of the service called for in the Plan of Care and that proof of claim being made under the Plan of Care as conditions precedent to M's obligation to pay. The policy states that **"your physician"** must approve the Plan of Care.

3. More than six years ago, Dr. Jon Moody, Internist, and B's family physician referred to B to Dr. Richard Hull, Neurologist, for suspected Parkinson's disease (PD). Dr. Moody has not been B's physician for PD since that referral. Dr. Hull and Dr. David Greer, both neurologists, have exclusively been B"s PD physicians for more than six years. These facts were clearly known to the defendants by 3:30 P. M., April 29, 2014.

4. Since April 7, 2014 and B's notice of claim, M has known B's attending neurologist recommended B receive non-professional companion care to assist him with his activities of daily living. Defendants have known the type care B sought could only be obtained by B choosing to use the service an Care Coordinator (CC) who was

"approved" by M. M agreed to provide B with a list of approved CCs from whom B might choose the CC to assist him process his claim and receive the benefit of his contract.

5. M's contractual obligation to prove a list of approved CCs, M's duty to act in good faith and fair dealing, M's contractual promise to assist B with any claim by "working with" him, and B's request for identity of M's approved CCs notwithstanding, M has willfully failed and refused to provide the promised list of approved CCs thereby denying B the provider assistance that his attending physician recommends B needs.

6. On or before April 29, 2014, M breached the agreement and obligation of good faith and fair dealing by unilaterally appointing U to act as B's CC, thereby denying B his right to choose his own CC. U has breached its assumed duty to assist B with his claim by doing nothing for B's benefit and willfully committing acts to B's detriment.

7. On April 29, 2014, defendants cause B to be examined by a registered nurse and on that date determined B qualified for benefits under the contract. Since April 29, 2014, defendants have concealed and suppressed information and have engaged in activity calculated to deny B the benefit of his contract.

M has breached the agreement by failing to do the things it promised to do. For this breach, B claims compensatory damages in the amount of $341,540.00.

## COUNT TWO

8. The averments of paragraphs 1 – 7 (above) are adopted and incorporated by reference.

9. The defendants, separately or collectively, sometimes openly, at other times secretly in a clandestine manner, with oppression, fraud, or wantoness failed to act in good faith and deal with B fairly by doing or failing to do at least the following:

   a. Refusing to provide the promised list of approved CCs.

   b. Denying B the opportunity to engage the provider service his physician recommended.

   c. By unilaterally appointing U as CC and refusing to acquaint B with the nature of the "contract" relation between U and any other defendant.

   d. By failing to "work with" B and provide assistance in the processing of his claim.

   e. By failing to reasonably investigate B's claim.

   f. By failing to confer with B's attending physicians about his state of health and his need of care.

g. With knowledge that B could not hear on the telephone, nor could not write and make notes of the little he did heard on the phone, the defendants have repeatedly answered B's questions by suggesting B call on the telephone.

h. By unilaterally appointing T to handle and determine B's claim and refusing to give B an explanation.

i. By determining on April 29, 2014 that B was elgible for benefits and failing for more than two months to asdvise B of this determnaton.

j. In spite of repeated requests, by refusing to provide B with a copy of the assessing nurse's report of April 29, 2014.

k. By secretly, without B's knowledge or consent, forming a Plan of Care on April 30, 2014, the content of which was kmow to be contrary to the recommendations of B's attending physician and contrary to B's known wishes and, by fraud, deceit, suppression, and misrepresentation of material facts inducing Dr. Jon Moody to add his signature to this plan of care.

l. By insisting B furnish documents and proof of loss in support of a plan of care that B did not had not been informed existed.

m. By seeking Dr. Moody's signature on a plan of care, knowing Dr. Moody had not seen B as a patient for PD in the past six years.

n. By advising B that his claim must be refiled, but if refiled his benefits will be materially affected and limited by the terms of earlier plan of care the defendants had obtain by fraud and denied B knowledge of its existence by suppression.

o. By refusing to reasonably consider B's request for alternative benefits.

p. By repeatedly refusing to render B assistance in processing his claim.

q. By appointing a CC who ignored all responsibility of assistance for the insured party.

r. By devising and implementing ways and means to avoid payment of any benefit after gaining knowledge that benefits were due.

s. By confirming B's chronic disease and elgibility for policy benefits on April 30, 2014 and thereafter using trickery and deceit to deny B any benefit of his bargain for which, through Octlober, 2015, he had paid premiums of $82,172.68.

Wherefore, B claims punitive damages in such amount found proper and just.

*Joe M. Berry*

Joe M. Berry, pro se

500 A Smith Road

Huntsville, Alabama, 35811

256-828-0280 (due to hearing loss, a poor way to reach me, messages may be left on the recorder for my wife to review)

alabama1hoss@gmail.com


The plaintiff requests a trial by jury.

*Joe M Berry*
Joe M. Berry

CV15-165 -AM

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V ☐☐☐☐ ☐☐☐☐ - ☐☐<br>Date of Filing:  Judge Code:<br>☐☐ ☐☐ ☐☐☐☐<br>Month Day Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ MADISON _____, ALABAMA
(Name of County)

_____ JOE M. BERRY _____ v. _____ MONUMENTAL LIFE, ET AL. _____
Plaintiff  Defendant

First Plaintiff: ☐ Business  ☑ Individual  ☐ Government  ☐ Other
First Defendant: ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one): F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER: _____
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO  Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE: ☐☐☐☐☐☐

6/24/15  s/ Joe M. Berry, Pro Se
Date  Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

FILED IN OFFICE
JUN 30 2015
JANE SMITH
Clerk, Circuit Court Madison Co., AL



**JANE C. SMITH, CIRCUIT CLERK**
CIRCUIT COURT DIVISION
MADISON COUNTY COURTHOUSE
100 NORTH SIDE SQUARE
HUNTSVILLE, ALABAMA 35801-4820

9214 7969 0099 9790 1001 0351 21

TRANSAMERICA LIFE INSURANCE COMPANY
P.O. BOX 93019
HURST, TX 76053-3019

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES
ZIP 35801 $ 006.95
02 1W
0001391147 JUL 01 2015

TRANSAMERICA
JUL 08 2015
RECEIVED